KYLE J. KAISER (13924)
J. CLIFFORD PETERSEN (8315)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov
E-mail: cliffpetersen@agutah.gov

*Attorneys for State of Utah, Utah Department Human Services, Jeffrey S. Harris and Gerald Gansey*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLEN ANDERSEN; NEXLEVEL NETWORK, LLC; JESSICA ZIMMERMAN; ROBERT GURNEY; AMY HODGSON; and JOHN DOES 1-99<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH; UTAH DEPARTMENT OF HEALTH AND HUMAN SERVICES; et al.<br><br>Defendants. | **STATUS REPORT AND REQUEST FOR DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>Case No. 1:16-cv-00005<br><br>Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

Defendants State of Utah, Utah Department of Human Services, Jeffrey S. Harris, and

Gerald Gansey ("State Defendants") in the above-entitled action, by and through counsel Kyle J.

Kaiser, Assistant Utah Attorney General, and pursuant to the Court's September 8, 2017 Order

(doc. 130) and the Court's Docket Text Order (doc. 133) provide the following Status Report, and respectfully request that the Court dismiss Plaintiff's claims against the State Defendants, with prejudice, for failure to prosecute..

After protracted discussions with the Department of Human Services, Plaintiff Andersen identified and allowed all of his properties to be inspected. (It is possible that, since that time, Plaintiff Andersen may have changed locations of some of his Recovery Residences, as DHS has received complaints about unlicensed facilities believed to be operated by Mr. Andersen.)

On or about December 1, 2017, counsel for Plaintiff Andersen conferred via telephone with counsel for the State Defendants regarding what challenges remain to state statutes, rules or policies under the Fair Housing Act. In 2017, Counsel for Plaintiff Andersen articulated that he wished to proceed on a challenge to the application and renewal fees. Accordingly, Counsel for the State Defendants proceeded to draft a scheduling order and briefing schedule for the parties to litigate that issue.

Meanwhile, Counsel for the State Defendants learned that Plaintiff Andersen was still raising the Fair Housing Act as a defense to administrative actions and regulatory oversight asserted by the individual municipalities in which Mr. Andersen's recovery residences were located. It would not have been efficient to enter a scheduling order resolving the claims against the State Defendants if FHA issues existed with the Municipal Defendants sued in this lawsuit. Counsel for the State Defendants circulated the scheduling order to all parties, but waited to propose a scheduling order to the Court until those issues could either be resolved or also included as part of the discovery process. Counsel for State Defendants asked for clarifying information from Plaintiffs, and Counsel for one of the Municipal Defendants stated that they

could not respond to the requested schedule until Plaintiffs provided more information about their claims against the Municipalities.

Counsel for the State Defendants checked in with the various Counsel for the Municipal Defendants and Counsel for Plaintiffs in December, January and February, but understood that the parties were continuing to resolve their issues, but no resolution had been reached.

On May 9, 2018, the day the Court issued its section Order to Show Cause, Counsel for the State Defendants contacted Counsel for Plaintiffs, asking about the status and again itemizing issues left for resolution. Counsel for Plaintiffs contacted Counsel for the State Defendants five days later, on May 14, via telephone. In the conversation, Counsel for Plaintiffs asserted that they were no longer interested in pursuing their claims against the State and wanted to dismiss the case without prejudice. Counsel for the State Defendants did not object to dismissal, but was concerned that a complete dismissal "without prejudice" would allow Plaintiff Andersen to again challenge any DHS Recovery Residence regulation or fee, either in a federal lawsuit or in a defense to an administrative enforcement action in state court. If that were allowed, the entirety of this litigation would be for naught. Counsel for Plaintiffs recognized that concern, and both parties' counsel generally discussed terms for a conditional dismissal with prejudice. Counsel for Plaintiffs stated that he would confer with his client on the terms.[1]

---

[1] During this process, three of Plaintiff Andersen's Recovery Residence applications filed with DHS expired due to his failure to complete them within a year. Six more will expire in July.

Because of the short time frame to get the case resolved, on May 18, 2018, Counsel for the State Defendants drafted a proposed settlement and dismissal agreement and forwarded it to Counsel for Plaintiffs.  Counsel for Plaintiffs have acknowledged receipt of the agreement, with a promise to reply by Monday, May 21.  Counsel for the State Defendants has received no reply.

\* \* \*

The State Defendants have been patient in allowing Plaintiffs to resolve their disputes, if any, with the Municipal Defendants, and have been trying to move the case along.  At each step, Counsel for the State Defendants never received any firm answers or agreements from Plaintiffs.  The State Defendants understand that Plaintiffs no longer wish to prosecute their claims against any State Defendant, but have not responded to reasonable terms provided to ensure that all progress made in this case will be lost.  Plaintiffs were aware of the deadlines issued by the Court, but have not provided a timely response to the proposals offered by the State Defendants.

Accordingly, the State Defendants respectfully request that the Court set a hearing and/or issue an order dismissing Plaintiffs' claims against them, **with prejudice**, for failure to prosecute the case and for failing to meaningfully participate in attempts to resolve it.  *See* Fed. R. Civ. P. 41(b); DUCivR 41-2; (docs. 130 & 133.).  The State Defendants request that the Court's order specifically state that Plaintiff Andersen is barred from challenging the constitutionality, pre-emption, legality, or enforceability of the Recovery Residence Program in a future lawsuit in whole or in part, and that Plaintiff Andersen is further barred from asserting as a defense to an administrative, civil, or criminal proceeding, that the Recovery Residence Program, in whole or in part, is unconstitutional, preempted, illegal, or otherwise unenforceable.

DATED: May 24, 2018.

        SEAN D. REYES
        Utah Attorney General

        /s/ Kyle J. Kaiser
        KYLE J. KAISER
        Assistant Utah Attorney General
        Attorney for State Defendants